BOYD, Justice
(concurring in part, dissenting in part).
Article V of the Florida Constitution, F.S.A. fixes the ultimate jurisdiction and responsibility with the Supreme Court for admission, suspension and disbarment of lawyers. I agree with the majority that this Court is not permitted to close its ears and its doors to a completely rehabilitated former member of the Bar on the ground that he had been “permanently disbarred.” However, the quality of character and performance of attorneys who are “permanently disbarred” is such that they are not likely to be readmitted. For that reason it is difficult for a former attorney who has been permanently disbarred to prove sufficient rehabilitation to resume the practice of law. There must be convincing evidence of improvement and change, of new attitudes of honesty and new standards of conduct. There must also be evidence that the disbarred attorney has undertaken to correct whatever wrongs he has previously committed. Finally, professional competency to resume the practice of law must be re-established.
Applying the above standards to the petitioner, we note with interest that attached to the petition for reinstatement is a check from petitioner in the amount of $909.51, dated February 16, 1972, to pay the costs of the disbarment proceedings, which petitioner was ordered to pay at the time of his disbarment on March 17, 1965. We further note that the petitioner admits outstanding indebtedness totaling in the principal amount of $208,887.77, representing fifteen creditors including liens filed by the United States Department of Internal Revenue. Petitioner’s explanation for not having paid the creditors is that none of them have been pressing him for the money “and it is the opinion of the Petitioner that the non-payment of the foregoing obligations have not worked any financial hardship on any of the creditors involved,
Despite the continued existence of longstanding and past due obligations totaling almost a quarter of a million dollars, the petition for reinstatement filed in this Court contains the following statements:
“Petitioner has resolved his past financial problems, as elsewhere set forth herein, and is a competent and responsible person in the management of his affairs. The petitioner has paid all of his obligations that occurred after disbarment at or before their due date.
j}c * % * *
“The financial affairs of the Petitioner are on a currently sound basis in all respects, he being either current or ahead on schedule in all of his regular payments. He has over $1,500.00 to his credit in the Teachers Retirement Fund.”
*365 Petitioner is employed as a public school teacher earning $8,300.00 annually and also receives a disability pension of $7,968.00 per year. In addition, his wife is employed and they own two 1972 Chevrolets. Despite an income in excess of $20,000.00 per year, no payment has been made on indebtedness dating to 1962.
In the Florida Bar v. Rassner, 161 So.2d 1 (Fla.1964) wherein this Court suspended petitioner for a period of six months for commingling funds, the late Justice Thor-nal, speaking for three dissenters who favored one year suspension, wrote:
“In addition to the misprisions here established, his record reveals that the respondent had numerous other brushes with the grievance committee. It is time that he learns that the law is something other than a commercial enterprise.” (e. s.)
In the past, petitioner has demonstrated he is unable to withstand the urge to use the money of others for his own purposes when under economic pressure. While he continues to be so delinquent in payment of his present past due debts, it would be unfair to him and to his prospective clients’ to permit him to hold their escrow money.
Lawyers who are permanently disbarred may, under certain exceptional circumstances, be readmitted to the practice of law. However, in the instant case, the petion is insufficient to demonstrate rehabilitation justifying further consideration at this time. I, would dismiss the petition without prejudice to file at a subsequent time, if and when the petitioner can establish: (1) complete satisfaction or partial satisfaction of creditors pursuant to a plan demonstrating a good faith intention to pay within a reasonable time; (2) competency to resume the practice of law after seven years’ disbarment, to be established by submission to the Florida Bar Examination; and (3) rehabilitation of professional attitude and character.